## SERGEANTS VS. BAKER.

Plaintiff not bound to notice cause for trial after stipulation, where defendant omitted to plead, so that a return to the certiorari, bringing the cause from the common pleas, could be filed in season for the circuit.

*Defendant moves for judgment as in case of non-suit, upon the usual affidavit after a stipulation by plaintiff.*—Plaintiff states that the defendant brought a writ of certiorari and removed this cause from the common pleas, where it was originally commenced; that before and at the time the circuit was held for which he had stipulated to try said cause, he ascertained that no return had been made by the clerk of the county to said writ, in consequence of a plea not having been filed by defendant, which was the reason plaintiff did not notice and try said cause, in pursuance of said stipulation.

S. CRIPPEN, *Defts Atty.*            ELIJAH BROWN, *Plffs Atty.*

Motion denied, without costs.

---

## WILBUR VS. RAMSEY.

The ordinary order endorsed on a writ of error, staying proceedings on the judgment and execution, &c., for the purpose of removing a cause by writ of error, is not sufficient. A proper "*allowance*" of the writ should be endorsed.

*Motion by defendant in error to quash or supersede the writ of Error in this cause.*—The ground set forth (among others) upon which the motion was decided, was; that there was no allowance of the writ, the endorsement on the writ was as follows: "Let all proceedings on the execution issued on the judgment within mentioned, and all proceedings upon such judgment be stayed until judgment on the within writ of error," the word "*allowed*" not being on the writ.

BOCKES & NASH, *Defts. Attys.*            JOHN C. HULBERT, *Plffs Atty.*

*Decision.*—Ordered that motion be granted, unless within twenty days plaintiff in error procure the proper allowance to be endorsed on the writ of error filed with the clerk of the county, and pay costs of motion.